# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **MICHAEL LAMENSDORF and KATHY LAMENSDORF, Individually As Parents of JOHN HUNT LAMENSDORF, Deceased, and As Personal Representative(s) of the Estate of JOHN HUNT LAMENSDORF, Deceased,** | : : : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : : | Civil Action No. 5:09-CV-424 (HL) |
| **NEW YORK UNIVERSITY, EZRA M. SACKS, STEPHEN MICHAEL SIMON, ANDREW WHITE, ANDRES CARDONA, RACHAEL FUNG, JASON WELIN, PEN PALS PRODUCTIONS, LLC, STEPHEN ROBERT SIMON, and NES RENTALS HOLDING, INC.,** | : : : : : : : : : | |
| Defendants. | : | |

_____

## ORDER

On December 14, 2009, the Plaintiffs filed this matter in the Macon Division of

the United States District Court for the Middle District of Georgia, alleging diversity as

the basis for federal jurisdiction.  Because federal courts have only limited jurisdiction,

part of the Court's initial review process requires the Court to determine whether a

proper jurisdictional basis exists in each case.  Thus, when a plaintiff files a claim in

federal court it is generally the plaintiff's burden to allege the specific facts necessary

to establish jurisdiction.  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

A federal court's jurisdiction can be based upon either a question of federal law or diversity of citizenship; however, as the Plaintiffs are attempting to establish jurisdiction based on diversity, the Court will not discuss the necessary elements of federal question jurisdiction.  Pursuant to 28 U.S.C.A. § 1332, diversity jurisdiction requires the legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different states.  28 U.S.C.A. § 1332(a)(1).

The Plaintiffs allege that jurisdiction is proper in this Court because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000.  The Plaintiffs state that they are citizens of the State of Florida.  The Plaintiffs allege that Defendant New York University is a private university located in New York, New York, that Defendant Sacks is a citizen of the State of New York, that Defendant Simon is a citizen of the State of Georgia, that Defendant White is a citizen of the State of Massachusetts, that Defendant Cardona is a citizen of the State of Texas, that Defendant Fung is a citizen of the State of New York, that Defendant Welin is a citizen of the State of Georgia, that Defendant Pen Pals Productions, LLC is a limited liability company organized and existing under the laws of the State of Georgia, that Defendant Simon is a citizen of the State of Georgia, and that Defendant NES Rentals Holdings, Inc. is a corporation organized and existing under the laws of a state other than Georgia.

For purposes of 28 U.S.C.A. § 1332, a corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business.  28 U.S.C.A. § 1332(c)(1).  Thus, pursuant to § 1332, a corporation may be deemed to be a citizen of more than one state.  To establish the citizenship of a domestic corporation, a party must allege both the state of incorporation and state of the corporation's principal place of business.

The citizenship of a limited liability company is not determined in the same manner as a corporation, however.  In the Eleventh Circuit, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined for diversity jurisdiction purposes by the citizenship of all the members composing the organization. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004).  Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen.  Id. at 1022.  And, therefore, like a corporation, a limited liability company could be deemed a citizen of more than one state.  To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company.  Id.

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim."  Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003).  In examining the jurisdictional allegations presented in the Complaint, the Court finds they are lacking. The Plaintiffs failed to identify the state of citizenship for New York University.  The

Plaintiffs also failed to identify the citizenship of each of the members of Pen Pals Productions, LLC.  The Plaintiffs further failed to identify NES Rental Holdings, Inc.'s state of incorporation and the state where its principal place of business is located.

As a result of these deficiencies, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the Complaint fails to satisfy the prerequisites of subject matter jurisdiction.  However, the Court is of the opinion that the Plaintiffs should be allowed to amend to correct the deficiencies noted. Accordingly, the Plaintiffs shall have until January 4, 2010 in which to file an amendment that conforms to the findings of this Order.  Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal for lack of jurisdiction.

**SO ORDERED**, this the 16th day of December, 2009.

_s/   Hugh Lawson_
**HUGH LAWSON, SENIOR JUDGE**

mbh