IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MICHAEL LAMENSDORF, et al,** | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 5:09-CV-424 (HL) |
| **ANDREW WHITE, et al,** | : | |
| Defendants. | : | |

## SCHEDULING AND DISCOVERY ORDER

The Court, having received the Rules 16 and 26 report of the parties, hereby directs as follows:

1. Motions to join other parties or to otherwise amend the pleadings shall be filed not later than December 28, 2010.

2. All dispositive motions shall be filed not later than January 12, 2011.

3. All discovery shall be completed by November 29, 2010 ("the discovery period"). No discovery request may be served unless the response to the request can be completed within the time specified by the rules and within the discovery period. Except by written consent of the parties first filed with the court, no deposition shall

be scheduled beyond the discovery period. If a party believes that more time for discovery is needed, an appropriate motion may be filed setting forth good cause for an extension.

4. Plaintiff's expert witnesses shall be designated by August 30, 2010. Defendants have requested that they be given 30 days to depose Plaintiff's experts, and then another 30 days to designate their own experts. The Court does not believe such a change to its standard scheduling order is warranted in this case. Therefore, Defendants' expert witnesses shall be designated by September 29, 2010. If a defendant designates an expert where plaintiff has not previously designated an expert, plaintiff shall have 30 days from the designation of defendant's expert within which to designate a rebuttal expert witness. The designation of an expert witness must be accompanied by a written report prepared and signed by the expert in accordance with Rule 26(a)(2)(B). Any designated expert witness must be available to be deposed during the discovery period.

5. The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests

to admit that can be propounded.

6. All applications to the Court for orders shall be presented in the form of written motions filed pursuant to the local rules. Letters, faxes, and phone calls will not be accepted in lieu of a properly filed motion unless requested or otherwise authorized by the Court. Do not send courtesy copies of letters, motions or briefs to the court.

7. The parties are limited by the Local Rules to twenty-five (25) interrogatories (L.R.33.1), ten (10) requests for production (L.R.34), and fifteen (15) requests for admissions. (L.R. 36). The parties may not exceed these limits without filing a motion and receiving written permission from the Court.

This schedule shall not be modified except upon a showing of good cause and by leave of Court.

        **SO ORDERED**, this the 1st day of June, 2010.

                        *s/  Hugh Lawson*
                        **HUGH LAWSON, Judge**