IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL LAMENSDORF and KATHY LAMENSDORF, Individually as Parents of JOHN HUNT LAMENSDORF, Deceased, and as Personal Representative(s) of the Estate of JOHN HUNT LAMENSDORF, Deceased, <br><br>Plaintiffs, <br><br>v. <br><br>STEPHEN MICHAEL SIMON, *et al.*, <br><br>Defendants. | CIVIL ACTION NO. 5:09-CV-424-MTT |

## ORDER

This matter is before the Court on the Motion to Amend the Pleadings and Substitute NES Equipment Services Corporation for Defendant NES Rentals Holdings, Inc. (Doc. 76). Since filing its answer to the Plaintiffs' Amended Complaint, counsel for Defendant NES Rentals Holdings, Inc. has become aware that Defendant NES Rentals Holdings, Inc. is not a proper Defendant in this case. Instead, NES Equipment Services Corporation, a subsidiary of NES Rentals Holdings, Inc., is the entity against whom the Plaintiffs' claims and allegations should be asserted. In fact, in an action filed by the Lamensdorfs in the Southern District of New York concerning the same subject matter, the parties agreed by stipulation to substitute NES Equipment Services Corporation for Defendant NES Rentals Holdings, Inc. However, because Defendant Stephen Michael Simon would not agree to a similar stipulation in this case, the Motion to Amend and

Substitute was filed, though, notably, no party has filed a response in opposition thereto.[1]

Federal Rule of Civil Procedure 15(c)(1)(C) allows for an amendment to change a party or the naming of a party against whom a claim is asserted if the amendment asserts a claim or defense that arose out of the same conduct, transaction, or occurrence as the original pleading, and the "party to be brought in by amendment received such notice of the action and it will not be prejudiced in defending on the merits; and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Rule 15(c) has been interpreted as a means to cure the problem of a misnamed defendant by allowing a party "to correct a formal defect such as a misnomer or misidentification." Fed. R. Civ. P. 15(c)(3), Advisory Committee Notes to 1991 Amendment.

Here, the Motion to Amend and Substitute arises out of the same conduct, transaction, or occurrence as set forth in the Plaintiffs' Amended Complaint; the substitution of NES Equipment Services Corporation will not prejudice any party in defending or pursuing their claims on the merits, and; but for a mistake concerning the proper Defendant's identity, NES Equipment Services Corporation would have been named in the original pleading. By all accounts, NES Equipment Services Corporation

---

[1] By letter, the Court asked Mr. Simon's attorneys why Mr. Simon could not consent to what appeared to be a perfunctory and undisputedly necessary substitution of one related entity for another. Counsel responded that they could not agree to anything that would make suing their client easier, and, in any event, their client had not consented to the substitution. They did not say whether they had asked their client for his consent. In a follow up letter, lead counsel confirmed they could not "assist" NES, because they felt NES' claims lack "substantive merit." If all lawyers allowed this standard to govern their relationship with opposing counsel, nothing, no matter how trivial or how necessary, would be done by consent. Such a standard only burdens the courts and increases the cost of litigation. In the end, lead counsel confirmed they did not oppose the substitution; they "simply wanted your honor to make the decision." This is the Court's decision.

is the appropriate party to this action. Accordingly, NES Equipment Services Corporation is substituted as a party to this action in place of Defendant NES Rentals Holdings, Inc., and NES Equipment Services Corporation will hereafter be named as both a Defendant and as the crossclaim Plaintiff for the crossclaim asserted against Stephen Michael Simon. Defendant NES Rentals Holdings, Inc. is dismissed without prejudice.

**SO ORDERED**, this 22nd day of September, 2010.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

tm